**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-40793**
_____

**IN THE MATTER OF: VOLUNTARY PURCHASING GROUPS, INC.;**
**OFFICIAL UNSECURED CREDITOR'S COMMITTEE OF VOLUNTARY**
**PURCHASING GROUPS INC.,**

**Debtors.**

**SOUTHERN PACIFIC TRANSPORTATION COMPANY and**
**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY,**

**Appellants,**

**versus**

**VOLUNTARY PURCHASING GROUPS, INC.; OFFICIAL UNSECURED**
**CREDITOR'S COMMITTEE OF VOLUNTARY PURCHASING GROUPS INC.,**

**Appellees.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(3:98-MC-5)

_____

September 20, 1999

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

The issue before us is whether the district court erred in denying a stay pending appeal to that court of the confirmation order concerning the reorganization plan of Voluntary Purchasing Groups, Inc. We conclude that the court abused its discretion by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to consider the Railroad appellants' likelihood of success on appeal and thus by misperceiving appellants' hardship and the resulting balance of the equities that are also relevant to the question of a stay pending appeal. In re: First South Savings Assn., 820 F.2d 700, 705 (5th Cir. 1987).

Appellees contend at the outset that this court lacks appellate jurisdiction because the order denying the stay is not a final order and, alternatively, the Railroads lack standing to contest the confirmation order. Neither of these assertions has merit. The final order challenge was rejected by an interim motions panel of this court on a sound basis. We will not disturb it. See In re: Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997). Appellees' argument that the Railroads should have no say in objecting to confirmation, because, sometime after the confirmation proceedings, the Railroads' claim was reduced from the amount attributed to them for voting purposes, is frivolous. The bankruptcy court refused the Debtor's request to "estimate" the Railroads' claim at zero at the confirmation hearing or to have a separate estimation proceeding for the Railroads; the Debtor and Unsecured Creditors Committee failed to appeal the bankruptcy court's order allowing the claim as $7.2 million for voting purposes; and the Debtor and the Committee therefore waived any complaints about the bankruptcy court's allowance of the Railroads' claim for voting purposes.

The district court's order denying a stay does not indicate whether it considered the likelihood of appellants'

success on the merits of their appeal, and, to the extent they are relevant, this court's emergency motions panel's decisions denying stays are similarly opaque.[1]  Close review of the bankruptcy court's orders persuades us that the appellants have identified serious appellate issues that could require reversal of the confirmation order, or, at least, remand for its clarification.  A sketch of just two of the issues demonstrates their significance.

First, the Railroads assert that the debtor's plan violates the Absolute Priority Rule, 11 U.S.C. § 1129(b)(2)(B)(ii), which requires a debtor to pay under its reorganization plan any impaired non-accepting class of creditors in full with respect to their claims before any junior class may receive distributions. According to the Railroads, the members of the co-op who held junior claims will be receiving money before the Railroads' claims are paid in full; thus, the court had to approve the plan, if at all, under a cram-down analysis.  The importance of this analysis is highlighted by the Supreme Court's recent decision in Bank of America National Trust and Savings Ass'n. v. 203 N. LaSalle St. Partnership, _____ U.S. _____, 119 S.Ct. 1411 (1999).  The

---

[1]A procedural tangle engulfs the preliminary motions in this court.  Ordinarily, a single motions panel will hear all pre-trial motions raised by the parties on appeal.  In this case, however, because of the make-up of special summer motions panels, the filing of the motion to dismiss after the summer motions panel's work had concluded, and the renewal of the motion to stay that was re-routed to the summer motions panel (in November), the motions did not receive the consistent attention of one set of judges.  While these events were unfortunate, and most unusual, they do not affect final disposition of the case, inasmuch as the oral argument panel is not bound by decisions of an interim panel.  EEOC v. Neches Butane Products Co., 704 F.2d 144, 146 (5th Cir. 1983).

bankruptcy court neither explained how the Absolute Priority Rule was fulfilled nor expressly applied the "new value" exception, the viability of which is unclear following LaSalle.

Second, the Railroads challenge the bankruptcy court's analysis of the best interest of creditors test, 11 U.S.C. § 1129(a)(7), which requires that each holder of a claim in a class either approve the plan or receive property under the plan of a value, as of the plan's effective date, which is not less than such holder would receive under a Chapter 7 liquidation at that date. Each member of an impaired class must be satisfied according to the best interest test. In this case, the court had to be convinced that the Railroads will not receive less in the plan than they would in a Chapter 7 liquidation. Instead of determining or estimating what amount the Railroads would receive, the bankruptcy court kept referring to the "unique status" of the debtor as a co-op, and it relied on "policy considerations" that have no place in the application of the statute. Further, the court focused on what the debtor would pay into the plan rather than what the creditor will receive out of it, and it applied an apparently arbitrary 30% discount factor while stating that "the court does not totally agree but certainly does not disagree with using such a rate." The underlying factual basis for the bankruptcy court's conclusion that the best interest test was satisfied is simply not comprehensible. We identify these issues not because they are exhaustive, but

4

because they draw immediate attention to the viability of the confirmation order.[1]

Having overlooked the issues raised by appellants, the district court was led to denigrate their hardship if a stay is not granted and its impact on the balance of equities. Without a stay, the confirmed plan may begin to be consummated, and the Railroads' appeal will become moot. See In Re: U.S. Brass Corp., ____ F.3d ____ (5th Cir. 1999). Moreover, either the bankruptcy or district court will have to resolve whether the plan's "effective date" occurs only after the completion of all appeals.[2] Absent a stay, the Railroads' right to contest the confirmation order could be thwarted. While we do not underestimate the hardship to the other parties to the bankruptcy -- including the unsecured creditors, tort claimants, and members of the co-op -- the balance of hardships clearly weighed in favor of granting a stay rather than permitting a procedurally flawed, and therefore incomplete, plan to be confirmed and consummated. The best resolution for the hardships would be prompt decision making on the part of the lower courts. Further, the public interest weighs heavily in favor of a

---

[1]Our focus on these issues should not detract from the district court's consideration on appeal of all issues that have been properly raised by the Railroads.

[2]For reasons not clear to us, part of the bankruptcy case and/or lawsuits treated by it have been "referred" to Judge Sanders in the Northern District of Texas. The basis for any such transfer of responsibility for the bankruptcy case, which is pending in the Eastern District of Texas, was not clearly explained by the parties. We trust the lower courts will assure themselves of jurisdiction to act in these potentially complex proceedings.

confirmation process that is seen specifically to follow and comport with applicable statutory standards.

For the foregoing reasons, the judgment of the district court is **REVERSED**, and the case is **REMANDED** for entry of a stay pending appeal of the confirmation order to the district court.